FILED
2016 Jun-08 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GERALD DANIEL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **MIDLAND FUNDING, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Gerald Daniel, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

### STATEMENT OF THE PARTIES

1. Plaintiff, Gerald Daniel, is over the age of nineteen (19) years and is a resident of the city of Homewood in Jefferson County, Alabama.

2. Defendant Midland Funding, LLC is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Delaware with its principal place of business in San Diego, California. Plaintiff asserts that, upon information and belief, Defendant Midland Funding, LLC is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).

3. All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

4. On or about June 24, 2015, Defendant Midland Funding, LLC (hereinafter referred to as "Midland") filed a lawsuit against Plaintiff Gerald Daniel in the District Court of Jefferson County, Alabama (hereinafter referred to as "the lawsuit").

5. The lawsuit was assigned case number 01-DV-2015-903036.

6. The lawsuit involved a debt allegedly owed by Plaintiff to Citibank, N.A., an entity not a party to this lawsuit, as the result of the use of a credit card.  Midland filed the lawsuit in an attempt to collect an alleged debt.

7. The alleged debt was incurred for personal or household purposes.

8. In its complaint Midland represented that Citibank, N.A. assigned all rights, title and interest to Midland and claimed that Gerald Daniel allegedly had a balance due on the account of $5,773.64.

9. Plaintiff has never done business with Midland and has never owed Midland any money.

10. Plaintiff answered Midland's Complaint and denied all of the allegations made by Midland in the lawsuit.

11. Trial was held on Midland's alleged claim against Mr. Daniel on November 9, 2015.  As a result of trial the Court entered judgment in favor of Gerald Daniel and against Midland.

12. Midland called no witnesses at trial and did not have a single document admitted into evidence.  There was no evidence at trial that the alleged debt was assigned to Midland, that Midland owned the alleged debt and as such had any standing to bring suit against Mr. Daniel or that Gerald Daniel was in any way responsible for paying the alleged debt claimed by Midland.

13. Each year Midland files hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims it

alleges; with the knowledge that it will not have any witnesses to testify on its behalf at trial and knowing that it will not be able to offer any documents into evidence.

14. The pattern and practice of Midland is to file lawsuits, such as the District Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the bogus complaints Midland files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Midland knows it has no witnesses and no competent evidence to prove its claims.

15. The case filed against Mr. Daniel is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Midland has put into place.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant Midland and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, but not limited to, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

18. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Midland in its collection efforts, Plaintiff suffered actual damages including physical pain and emotional distress.

19. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendant's acts alleged herein, Plaintiff was caused to incur attorney's fees in defending Midland's frivolous state court case and suffer physical pain as well as mental and emotional suffering.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages

of the Defendant in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
GERALD DANIEL
1629 Lakeshore Ct., Apt. A
Birmingham, AL 35209

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**MIDLAND FUNDING, LLC**
c/o Registered Agent
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104